IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK RAMOS,

    Petitioner,    No. CIV-S-10-1934 KJM CKD P

  vs.

J. W. HAVILAND,

    Respondent.    FINDINGS AND RECOMMENDATIONS

_____/

  Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the fact that he was denied parole in 2009.

  An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

/////

1

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Harrington v.

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

1  Richter, 131 S. Ct. 770, 784-85 (2011).  "The presumption may be overcome when there is
2  reason to think some other explanation for the state court's decision is more likely." Id. at 785.
3         Where the state court fails to give any reasoning whatsoever in support of the
4  denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this
5  court must perform an independent review of the record to ascertain whether the state court
6  decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).
7  As long as "'fairminded jurists could disagree' on the correctness of the state court's decision,"
8  habeas relief is precluded.  Harrington, 131 S. Ct. 786.
9         Petitioner asserts he was denied parole in 2009 in violation of the Due Process
10 Clause of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment
11 prohibits state action that deprives a person of life, liberty, or property without due process of
12 law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a
13 liberty or property interest protected by the Due Process Clause and then show that the
14 procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't
15 of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).
16         A protected liberty interest may arise from either the Due Process Clause of the
17 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
18 expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,
19 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create
20 a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454
21 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no
22 constitutional or inherent right of a convicted person to be conditionally released before the
23 expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory
24 language, 'creates a presumption that parole release will be granted' when or unless certain
25 designated findings are made, and thereby gives rise to a constitutional liberty interest."
26 Greenholtz, 442 U.S. at 12.

1    California's parole statutes give rise to a liberty interest in parole protected by the
2 federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam). In
3 California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her
4 current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re
5 Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme
6 Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule
7 into a substantive federal requirement." Swarthout, 131 S. Ct. at 862. In other words, the Court
8 specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment
9 for insufficiency of evidence presented at a parole proceeding. Id. at 863. Rather, the protection
10 afforded by the federal due process clause to California parole decisions consists solely of the
11 "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be
12 heard and . . . a statement of the reasons why parole was denied." Id. at 862.

13    Here, the record reflects that petitioner was present at his 2009 parole hearing, he
14 was given an opportunity to be heard throughout his hearing, and was provided with the reasons
15 for the decision to deny parole. Pet., Ex. B. According to the United States Supreme Court, the
16 Due Process Clause requires no more. Accordingly, petitioner's denial of federal due process
17 claim must be rejected.

18    Petitioner also asserts that certain rights arising under state law were violated
19 when he was denied parole. However, petitioner may not obtain relief on these claims because,
20 as indicated above, an application for writ of habeas corpus can only be granted if a violation of
21 federal law has occurred. 28 U.S.C. § 2254(a).

22    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
23 a writ of habeas corpus be denied.

24    These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
26 one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ramo1934.157

5